UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL DE JESUS DIAZ MARTINEZ,

Petitioner,

-against-

KEN GENALO, Acting Field Office Director, New York City Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

Case No. 1:26-cv-05743 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

For the reasons stated on the record at the parties' July 28, 2026 conference, Diaz Martinez's habeas petition, Dkt. 1, is GRANTED in part and DENIED in part.

Petitioner was arrested and initially detained in the Second Circuit. This Court continues to have jurisdiction over his habeas petition. *See Öztürk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025). The Court ORDERS that Petitioner, detained under 8 U.S.C. § 1226(a) in accordance with *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2nd Cir. 2026), is entitled to a bond hearing before an immigration judge.[1]

[1] Cases within the Third Circuit have held in accordance with *da Cunha*. *See, e.g.*, *Luque Reyes v. Blanche*, No. 26-CV-04905 (ESK), 2026 WL 1396503 (D.N.J. May 19, 2026) (holding that § 1226(a) applies for individuals detained after residing in the United States for an extended period); *Parra Daza v. Soto*, No. CV 26-5386 (SDW), 2026 WL 1414024 (D.N.J. May 20, 2026) (same).

Given Petitioner's request for two weeks to prepare for such a hearing, between **August 11, 2026** and **August 18, 2026**, an immigration judge must either (1) hold a bond hearing at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, or (2) release Petitioner. In determining whether to grant bond, the immigration judge must consider, on the record, the availability of alternative conditions of release; in determining the amount of any bond imposed, the immigration judge shall consider the Petitioner's ability to pay.

Respondents must submit a status letter to the Court after that bond hearing has been conducted or Petitioner has been released.

It is further ORDERED that Petitioner shall have access to, and possession of, his legal documents while detained.

The Clerk of Court is respectfully directed to CLOSE this case.

Dated: July 28, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge